COLUMBIA CASUALTY CO. *v.* KLETTKE.

1. JUDGMENT—EQUITY—PERJURY.
   Perjury is not ground for equitable relief against judgment resulting from it.

2. SAME—WORKMEN'S COMPENSATION ACT.
   That claimant for compensation under workmen's compensation act for death of her husband committed perjury in testifying to ceremonial marriage while she now concedes there was no ceremonial marriage and claims common-law marriage, *held,* not equitable ground for setting award aside.

Appeal from Ingham; Carr (Leland W.), J. Submitted June 22, 1932. (Docket No. 141, Calendar No. 36,546.) Decided September 16, 1932.

Bill by Columbia Casualty Company, a New York corporation, against Mae Klettke and others to set aside an award of the department of labor and industry on the ground of perjury. Bill dismissed. Plaintiff appeals. Affirmed.

*James A. Markle* and *Bishop & Weaver,* for plaintiff.

*Sam Street Hughes,* for defendant Klettke.

*Shields, Silsbee, Ballard & Jennings,* for defendant C. & J. Commercial Driveaway, Inc.

POTTER, J. Plaintiff filed its bill to set aside, on the ground of perjury, an award, of the department of labor and industry, of compensation to defendant Mae Klettke, and to recover the sum paid to her by it as insurer of the C. & J. Commercial Driveaway, Inc., by whom Henry Klettke was em-

On perjury as ground for relief against judgment, see annotation in 10 L. R. A. (N. S.) 216; 23 L. R. A. (N. S.) 564; 25 L. R. A. (N. S.) 574; L. R. A. 1916B, 890.

ployed when he suffered injuries resulting in his death. From a decree dismissing its bill, plaintiff appeals.

Defendant Mae Klettke claimed compensation as the widow of Henry Klettke, deceased. An award in her favor by the department of labor and industry was affirmed in *Klettke v. C. & J. Commercial Driveaway, Inc.*, 250 Mich. 454. Compensation was paid to her by plaintiff, the insurer of the C. & J. Commercial Driveaway, Inc. Plaintiff claims defendant Mae Klettke testified before the department of labor and industry she was the wife of Henry Klettke, married to him by Rev. Paul in Indiana, and that she and deceased had lived together as husband and wife for six years. It is now conceded by her there was no ceremonial marriage between her and Henry Klettke. In this suit she claimed a common-law marriage and gave proof tending to sustain her claim, which proof plaintiff asserts falls far short of sustaining a legal marriage. It claims her false testimony before the department of labor and industry was perjury and constituted such a fraud upon that department as to justify the interposition of a court of equity in granting relief. Perjury is not uncommon in courts. In almost every case there are disputed facts. Courts, juries, and administrative tribunals are constantly called upon to weigh testimony, pass upon the credibility of witnesses, and determine, in legal controversies, who has told the truth. Though the authorities are not agreed, this State is committed to the rule, stated in Pomeroy's Equitable Remedies (2d Ed.), § 656, published as Pomeroy's Equity Jurisprudence (4th Ed.), § 2077, as follows:

"The courts hold that perjury is intrinsic fraud and that therefore it is not ground for equitable

relief against a judgment resulting from it. We have seen that the fraud which warrants equity in interfering with such a solemn thing as a judgment must be fraud in obtaining the judgment, and must be such as prevents the losing party from having an adversary trial of the issue. Perjury is a fraud in obtaining the judgment, but it does not prevent an adversary trial. The losing party is before the court and is well able to make his defense. His opponent does nothing to prevent it. This rule seems harsh, for often a party will lose valuable rights because of the perjury of his adversary. However, public policy seems to demand that there be an end to litigation. If perjury were accepted as a ground for relief, litigation might be endless; the same issues would have to be tried repeatedly. As stated in a leading case, 'the wrong, in such case, is of course a most grievous one, and no doubt the legislature and the courts would be glad to redress it if a rule could be devised that would remedy the evil without producing mischiefs far worse than the evil to be remedied. Endless litigation, in which nothing was ever finally determined, would be worse than occasional miscarriages of justice; and so the rule is, that a final judgment cannot be annulled merely because it can be shown to have been based on perjured testimony; for if this could be done once, it could be done again and again *ad infinitum*.' And to use the language of an eminent court, 'the maxim that fraud vitiates every proceeding must be taken, like other general maxims, to apply to cases where proof of fraud is admissible. But where the same matter has been actually tried, or so in issue that it might have been tried, it is not again admissible; the party is estopped to set up such fraud, because the judgment is the highest evidence and cannot be contradicted.'

"In accordance with the principles laid down above, it is held, by the weight of authority, that

neither perjury nor forgery is sufficient ground for equitable interference.''

The principles of the text above quoted have been approved by this court. *Gray* v. *Barton*, 62 Mich. 186; *Codde* v. *Mahiat*, 109 Mich. 186; *Steele* v. *Culver*, 157 Mich. 344 (23 L. R. A. [N. S.] 564). We reaffirm such approval.

The decree of the trial court is affirmed, with costs.

CLARK, C. J., and McDONALD, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.