NEDERLANDER v NEDERLANDER

Docket No. 145048. Submitted December 15, 1993, at Lansing. Decided May 3, 1994, at 9:00 A.M.

Laurie Nederlander brought an action in the Oakland Circuit Court against Joseph Z. Nederlander, her former husband, more than one year after the entry of their judgment of divorce, seeking damages for fraud, breach of fiduciary duty, and other wrongdoing allegedly committed by the defendant in making representations about the value of certain of his business assets for purposes of the division of marital property in the divorce proceedings. The court, Steven N. Andrews, J., granted summary disposition for the defendant. The plaintiff appealed.

The Court of Appeals *held:*

1. If one of the parties to a concluded divorce proceeding suspects that the other party committed fraud during the proceeding, the first party may seek relief from the judgment pursuant to MCR 2.612(C)(1)(c), but may not maintain a separate action for fraud. MCR 2.612(C)(1)(c) is not helpful to the plaintiff in this case because she did not seek relief from the judgment of divorce within one year of its entry.

2. Because there was no fiduciary relationship between the plaintiff and the defendant by the time of the divorce proceedings, the plaintiff may not maintain an action for breach of fiduciary duty.

Affirmed.

DIVORCE — JUDGMENTS — RELIEF FROM JUDGMENTS — FRAUD.

Where one of the parties to a concluded divorce proceeding suspects that the other party committed fraud during the proceedings, the first party, pursuant to court rule, may seek relief from the judgment, but may not maintain a separate action for fraud (MCR 2.612[C][1][c]).

*Carson, Fischer & Potts* (by *Robert M. Carson*), for the plaintiff.

REFERENCES

Am Jur 2d, Divorce and Separation § 478.
See ALR Index under Divorce and Separation.

*Hill Lewis* (by *Robert B. Webster* and *Margaret C. Alli*), for the defendant.

Before: HOLBROOK, JR., P.J., and TAYLOR and J. D. PAYANT,* JJ.

PER CURIAM. Plaintiff appeals as of right six orders entered by the Oakland Circuit Court, the cumulative effect of which granted the defendant summary disposition of each count of the plaintiff's first amended complaint. We affirm.

Following a trial, the entry of a divorce judgment on May 24, 1988, ended a marriage that began in June 1975. More than one year after entry of the judgment, the plaintiff sought to reopen discovery in an attempt to set aside the judgment under MCR 2.612(C)(1)(c). The trial court determined that the plaintiff's motion was untimely under MCR 2.612(C)(2), but allowed the plaintiff to file an amended complaint. On February 14, 1990, the plaintiff filed her first amended complaint in this proceeding, alleging fraud on the court, fraudulent misrepresentations and omissions, breach of fiduciary duty, intentional infliction of emotional distress, conspiracy to defraud, and abuse of process. The amended complaint does not seek to set aside the divorce judgment. Instead, the plaintiff's complaint is an independent action for monetary damages. Plaintiff claimed that the defendant misrepresented the value of his interest in Ticketmaster, Inc., and Nederlander Realty of Illinois. Specifically, the plaintiff alleged that the defendant knew during the divorce proceedings that Ticketmaster would be merged into a new entity, with the defendant redeeming his stock, and that the realty company was in the process of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

selling valuable real estate known as Poplar Creek.

On January 22, 1990, the trial court entered an order limiting discovery to matters concerning the defendant's redemption of his stock in Ticketmaster and to the realty company's sale of Poplar Creek. On July 16, 1991, the trial court denied the plaintiff's motion to expand the scope of discovery, deciding that the plaintiff was attempting to discover in the present suit what she should have attempted to discover in the first suit.

In deciding the defendant's motion for summary disposition with respect to the plaintiff's claim of fraud, the trial court determined that the plaintiff had stated a claim upon which relief could be granted and therefore denied the defendant's motion for summary disposition under MCR 2.116(C) (8). However, the trial court granted the defendant's motion under MCR 2.116(C)(10), ruling that the evidence did not create a genuine issue of material fact regarding whether the defendant or his witnesses falsely testified at trial or concealed material evidence from the court.

As her first issue on appeal, the plaintiff argues that the trial court erred in granting summary disposition of her claims of fraud. We find that the summary disposition was proper under MCR 2.116(C)(8).

In *Courtney v Feldstein,* 147 Mich App 70, 74; 382 NW2d 734 (1985), this Court held that the plaintiff could maintain an independent claim for damages resulting from the defendant's alleged fraudulent conduct during a divorce proceeding because principles of res judicata cannot be invoked to sustain fraud. The plaintiff in *Courtney* learned, approximately one year after the divorce judgment was entered, that the defendant had sold his interest in two corporations at a price substan-

tially larger than the value placed on them in the property settlement.

We believe, however, that the issue in the present case is controlled by the Supreme Court's decision in *Triplett v St Amour,* 444 Mich 170; 507 NW2d 194 (1993). In *Triplett,* the parties entered into a settlement agreement in an underlying personal injury action. The defendants in the underlying action then learned that the plaintiff failed to disclose that she had previously undergone treatment for her shoulder condition. The defendants in the underlying action filed a claim against the plaintiff less than one year after the settlement agreement was filed, alleging that St. Amour had fraudulently concealed her preaccident physical condition. In its opinion, the Supreme Court held that there is no independent cause of action to recover damages for a fraudulently induced settlement because the court rules provide effective remedies and deterrents. *Id.,* p 176. The Court decided that the balanced approach given in MCR 2.612(C) to competing public policy considerations concerning the recognition of fraud suits and the finality of judgments would be upset if the plaintiff was allowed to file a claim of fraud. *Id.,* p 178.

Unlike *Triplett,* the plaintiff in the present case filed her claim of fraud more than one year after the divorce judgment was entered. In addition, Justice LEVIN in a separate opinion in *Triplett, supra* p 186, stated that different policy considerations in a divorce action might justify a different rule depending on the circumstances. However, we believe that the policy concerns expressed in *Columbia Casualty Co v Klettke,* 259 Mich 564; 244 NW 164 (1932), and *Fawcett v Atherton,* 298 Mich 362; 299 NW 108 (1941), are controlling. If a party

suspects that the other party has committed fraud during a divorce proceeding, then MCR 2.612(C)(1)(c) and (2) allows the party to seek redress within one year after the judgment is entered. On the other hand, we believe that allowing a party to file an independent action for fraud whenever the other party, more than one year after the divorce judgment is entered, liquidates assets or consummates a business transaction is contrary to the public policy behind the finality of judgments. The exercise of due diligence during the course of liberal discovery should expose any intrinsic fraud that may be present in the divorce proceeding. Accordingly, we find that the trial court did not err in granting the defendant summary disposition because the claim was so clearly unenforceable as a matter of law that no factual development could establish the claim and justify recovery. *Duran v Detroit News, Inc,* 200 Mich App 622, 628; 504 NW2d 715 (1993).

Next, the plaintiff argues that the trial court erred in granting summary disposition of her claim of breach of fiduciary duty. We disagree. Although a fiduciary relationship may exist between husband and wife, see, e.g., *Kar v Hogan,* 399 Mich 529; 251 NW2d 77 (1976), a fiduciary relationship does not necessarily exist whenever the parties are related. At the time of the divorce proceedings, there certainly was no reposing of faith, confidence, and trust and the placing of reliance by one party upon the judgment and advice of the other party. See *In re Jennings' Estate,* 335 Mich 241, 244; 55 NW2d 812 (1952); *Mannausa v Mannausa,* 370 Mich 180, 184; 121 NW2d 423 (1963). We conclude, as a matter of law, that the defendant was entitled to judgment against the plaintiff's claim of breach of fiduciary

duty.[1] *Adkins v Thomas Solvent Co,* 440 Mich 293, 302; 487 NW2d 715 (1992); *Borman v State Farm Fire & Casualty Co,* 198 Mich App 675, 678; 499 NW2d 419 (1993).

Finally, we determine that the trial court did not abuse its discretion in denying the plaintiff's motion to expand the scope of discovery. See *Williams v Logan,* 184 Mich App 472, 476; 459 NW2d 62 (1990). The issue is moot because the counts of the plaintiff's amended complaint that were pertinent to her motion to expand discovery failed to state a claim upon which relief could be granted. In any event, we note that fraud must be pleaded with particular facts. MCR 2.112(B)(1). In her amended complaint, the plaintiff alleges with specificity that the defendant misrepresented the value of his interest in Ticketmaster, Inc., and the value of Poplar Creek. Defendant supplied, and the plaintiff received, numerous documents regarding these entities. We do not hold that the plaintiff was required to comply with the strict pleading requirements of MCR 2.112(B)(1) in filing her motion to expand discovery. Compare *Rapaport v Rapaport,* 185 Mich App 12, 16; 460 NW2d 588 (1990). Instead, we find only that further discovery was not relevant to the subject matter specifically pleaded in the plaintiff's amended complaint. MCR 2.302(B)(1); *Williams, supra.*

Affirmed.

[1] We also decline to consider the plaintiff's argument concerning whether the trial court erred in granting summary disposition of the other counts of her amended complaint because the plaintiff has failed to adequately include those issues in the statement of questions presented in her brief and has given them only cursory treatment. *Williams v City of Cadillac,* 148 Mich App 786, 790; 384 NW2d 792 (1985); see also Community *Nat'l Bank of Pontiac v Michigan Basic Property Ins Ass'n,* 159 Mich App 510, 520-521; 407 NW2d 31 (1987); MCR 2.116(C)(8).