SPRAGUE v BUHAGIAR

Docket No. 169853. Submitted May 16, 1995, at Detroit. Decided
    September 8, 1995, at 9:15 A.M.

   Michael E. Sprague brought an action in the St. Clair Circuit
      Court against Anthony E. and Rozanne Buhagiar, seeking
      rescission of a land contract. The plaintiff purchased six rental
      units from the defendants, making a down payment and financ-
      ing the balance with a ten-year land contract. After taking
      possession, the plaintiff discovered that two of the units had
      been condemned by the City of Port Huron and ceased to make
      payments under the land contract. Before the circuit court
      action was brought by the plaintiff, the defendants had brought
      an action for summary possession in the district court. The
      plaintiff did not file a response in the defendants' action, and
      the district court ordered the land contract forfeited and issued
      a writ of restitution conveying the property back to the defen-
      dants. The defendants moved in the circuit court for summary
      disposition on the basis that the plaintiff's failure to raise her
      claims of fraud and misrepresentation as counterclaims in the
      action in the district court barred the circuit court action. The
      trial court, Ernest F. Oppliger, J., denied the defendants' mo-
      tion and, following a bench trial, entered a judgment granting
      rescission of the land contract and ordering the repayment of
      the down payment. The defendants appealed.

      The Court of Appeals *held:*

      The claims of fraud and misrepresentation clearly could have
      been raised as counterclaims in the summary possession pro-
      ceedings in the district court. The plaintiff's claims were defen-
      ses in the district court action that must be raised in that
      action or be waived. Under this state's broad rule of res
      judicata, the failure to raise the fraud and misrepresentation
      claims in the district court bars the raising of those claims in a
      separate action in the circuit court. Although extrinsic fraud,
      i.e., fraud that is outside the facts of the matter being litigated,

REFERENCES

Am Jur 2d, Judgments §§ 526, 527, 601.

See ALR Index under Cancellation or Rescission; Fraud and Deceit;
    Res Judicata; Sale and Transfer of Property.

will preclude the application of the doctrine of res judicata, intrinsic fraud, as pleaded here, does not preclude the application of the doctrine of res judicata. Accordingly, the trial court erred in refusing to grant summary disposition for the defendants on the basis that the plaintiff's claims were barred by res judicata.

Reversed and remanded.

J. R. COOPER, J., concurring, stated that the matter is controlled by *St John v Richard,* 272 Mich 670 (1935), and under the rule in that case the trial court clearly erred in denying summary disposition for the defendants.

1. ACTIONS — RES JUDICATA — RESTITUTION — RESCISSION.
    The failure of a party to raise as counterclaims in a district court action for summary possession of land sold under a land contract claims of fraud and misrepresentation associated with the sale that resulted in the land contract bars, by the operation of res judicata, the raising of those claims in a separate action in the circuit court for rescission of the land contract.

2. JUDGMENTS — RELIEF FROM JUDGMENTS — FRAUD — RES JUDICATA — EXTRINSIC FRAUD — INTRINSIC FRAUD.
    Relief from a judgment obtained by extrinsic fraud, i.e., fraud that is outside the facts of a case and actually prevents the losing party from having an adversary trial with respect to a significant issue, may be had in an independent action, because the doctrine of res judicata has no application under those circumstances; relief from a judgment that involved intrinsic fraud, i.e., fraud that is within the cause of action itself, is not available in an independent action and the doctrine of res judicata is applicable.

*Jerry M. Seay, P.C.* (by *Jerry M. Seay*), for the plaintiff.

*Neale & Nader* (by *Lewis R. Thumm*) for the defendants.

Before: TAYLOR, P.J., and MARILYN KELLY and J. R. COOPER,* JJ.

TAYLOR, P.J. Defendants appeal as of right from a judgment granting rescission of a land contract

---

* Circuit judge, sitting on the Court of Appeals by assignment.

and damages in the amount of $6,000 for plaintiff. We reverse and remand.

Plaintiff entered into a land contract with defendants for the purchase of six rental units. The land contract was in the amount of $49,000, with a $6,000 down payment, and the balance of $43,000 to be paid at the rate of $600 a month for ten years.

After plaintiff took possession, she learned that two units had been condemned by the City of Port Huron. Unable to make the land contract payments, she stopped her monthly payments. Defendants filed in the district court an action for summary possession, to which plaintiff did not respond. The land contract was forfeited by order of the district court, and a writ of restitution was issued conveying the property back to defendants.

Plaintiff then filed this cause of action in the St. Clair Circuit Court, seeking rescission of the land contract on the basis of fraud, misrepresentation, and innocent misrepresentation. In particular, plaintiff alleged that defendants had not informed her that a portion of the premises had been condemned because of code violations.

Defendants filed a motion for summary disposition pursuant to MCR 2.116(C)(10), arguing that the circuit court action was barred pursuant to the doctrine of res judicata inasmuch as plaintiff's claims of fraud and misrepresentation could have been raised in the district court action as a counterclaim ·for rescission. Accordingly, defendants asserted that plaintiff's failure to raise those issues barred her circuit court litigation. Plaintiff responded, claiming that because this suit was based upon fraud and misrepresentation, it survived the forfeiture lawsuit. The trial court denied defendants' motion, and the matter proceeded to trial.

Following the presentation of proofs, the court entered a judgment for plaintiff.

On appeal, defendants argue that the trial court erred in failing to grant their motion for summary disposition. We agree.

The alleged fraud and misrepresentation clearly could have been raised as a counterclaim to the summary possession proceedings in the district court. MCR 4.201(G)(1)(a)(ii). Further, as defenses or affirmative defenses, plaintiff's claims must have been raised in the earlier proceeding or are waived. MCR 2.111(F)(2) and (F)(3)(a). Thus, under this state's broad rule of res judicata, plaintiff's claims are barred. As this Court stated in *Courtney v Feldstein,* 147 Mich App 70, 75; 382 NW2d 734 (1985):

> Michigan follows a broad rule of res judicata which bars not only claims actually litigated in the prior action, but every claim arising out of the same transaction which the parties, exercising reasonable diligence, could have raised but did not. *Gose v Monroe Auto Equipment Co,* 409 Mich 147, 160; 294 NW2d 165 (1980); *Curry v Detroit,* 394 Mich 327, 332; 231 NW2d 57 (1975); *Gursten v Kenney,* 375 Mich 330, 333-335; 134 NW2d 764 (1965).

However, plaintiff asserts that this general rule of res judicata does not apply when fraud is pleaded. In part, plaintiff is correct, but this exception is drawn more narrowly than plaintiff acknowledges. The fraud exception to res judicata pertains only if the fraud is characterized as extrinsic fraud. Extrinsic fraud is fraud outside the facts of the case: "fraud which actually prevents the losing party from having an adversarial trial on a significant issue." *Rogoski v Muskegon,* 107 Mich App 730, 736; 309 NW2d 718 (1981). An

example of such fraud would be fraud with regard to filing a return of service.

Extrinsic fraud must be distinguished from intrinsic fraud, which is a fraud within the cause of action itself. An example of intrinsic fraud would be perjury, *id.* at 737, discovery fraud, fraud in inducing a settlement, or fraud in the inducement or execution of the underlying contract. In *Triplett v St Amour,* 444 Mich 170, 175-176; 507 NW2d 194 (1993), our Supreme Court declined to recognize an independent action at law to recover damages for intrinsic fraud. The Court held that the remedy in the intrinsic fraud circumstance is exclusively in a motion for relief from judgment pursuant to MCR 2.612(C). *Triplett, supra.* As Justice LEVIN pointed out in his concurring opinion, this state is committed to the rule stated in Pomeroy's Equitable Remedies (2d ed), § 656, published as Pomeroy's Equity Jurisprudence (4th ed), § 2077, *id.* at 184, citing *Columbia Casualty Co v Klettke,* 259 Mich 564, 566; 244 NW 164 (1932):

> [T]he fraud which warrants equity in interfering with such a solemn thing as a judgment must be fraud in obtaining the judgment, and must be such as prevents the losing party from having an adversary trial of the issue.

Because plaintiff alleges only intrinsic fraud in this case, she cannot seek relief by independent action. *Rogoski, supra* at 737. There is not a separate cause of action. Plaintiff's remedy is to move to reopen the judgment pursuant to MCR 2.612(C). *Nederlander v Nederlander,* 205 Mich App 123, 126; 517 NW2d 768 (1994).

Therefore, we conclude that plaintiff's claim is barred and that summary disposition should have been granted pursuant to MCR 2.116(C)(7).

Reversed and remanded for the entry of an order of dismissal. We do not retain jurisdiction.

MARILYN KELLY, J., concurred.

J. R. COOPER, J. *(concurring).* I concur in the result but would rely on *St John v Richard,* 272 Mich 670; 262 NW 437 (1935). In that case, the plaintiff and the defendant entered into a land contract. The plaintiff filed a suit alleging that the defendant failed to pay pursuant to the agreement. The defendant filed an answer to the declaration, claiming the land contract should be set aside on grounds of fraud. Despite his answer to the complaint, a default judgment was entered because of the defendant's failure to file a bond to restrain the prosecution of the action. The defendant did not appeal the entry of the default judgment.

When the defendant attempted to raise the issue of fraud in a subsequent action, the circuit court held that the prior judgment in the action for payments on the land contract was res judicata with respect to the issue of any alleged fraud committed by the plaintiff-vendor. The circuit court noted that the defendant had caused his own dilemma by failing to present the defense in the prior proceeding. The circuit court stated:

"Plaintiff and defendant were both in a court of competent jurisdiction. That court decided defendant owed certain installments on a land contract. If the contract was obtained by fraud, then defendant did not owe the installments. Defendant did not appeal. The decision stands. Under such circumstances, it is idle to ask another court, with the same parties before it, to declare the same contract to be of no binding force because of fraud." [*Id.* at 674.]

In the case presently before this Court, defen-

dants entered into a land contract with plaintiff, who subsequently stopped making payments. Defendants filed suit in the district court and obtained a judgment of land contract forfeiture by default on the basis of plaintiff's failure to respond. Plaintiff did not appeal the district court's decision, but instead filed an action in the circuit court that is the basis of this appeal. In the circuit court action, plaintiff sought rescission of the land contract on the basis of fraud. Pursuant to the holding in *St John,* plaintiff was obligated to raise the defense of fraud in the district court action, because res judicata operates as a bar to the maintenance of the circuit court action. Accordingly, I concur with the majority's conclusion that it was error to deny the motion for summary disposition pursuant to MCR 2.116(C)(7).