DRESDEN v DETROIT MACOMB HOSPITAL CORPORATION

DRESDEN v DIAGNOSTIC RADIOLOGY CONSULTANTS, PC

Docket Nos. 175469, 175477. Submitted April 16, 1996, at Detroit. Decided August 16, 1996, at 9:05 A.M. Leave to appeal sought.

Edmund Dresden, as personal representative of the estate of Lori Dresden, brought an action in the Macomb Circuit Court against Detroit Macomb Hospital Corporation and others. Lori Dresden had gone to the Detroit Macomb Hospital with chest pains, had a chest x-ray that was interpreted as normal, had been released, and died three days later. The plaintiff had filed an action alleging medical malpractice. He had requested a copy of the x-ray, but had been told by the hospital that, despite a diligent search, it could not be found. The plaintiff eventually settled the prior action, signing a release. Thereafter, the plaintiff commenced the present action, alleging that the x-ray had been intentionally destroyed by one of the individual defendants, that the defendants had fraudulently stated that they were unaware of the whereabouts of the x-ray when they knew that it had been intentionally destroyed, and that the release had been fraudulently obtained and seeking both to reassert the prior malpractice claim and to assert a claim based on fraud. When the plaintiff was unable to serve Diagnostic Radiology Consultants, P.C., and two other defendants before the expiration of the summons, he commenced a separate action against those defendants. The court, Michael D. Schwartz, J., in separate orders, granted summary disposition for the defendants in the respective actions, granting summary disposition with respect to the malpractice claim on the basis of the release and with respect to the fraud claim on the basis that there was no genuine issue of material fact. The plaintiff separately appealed the orders in the respective actions, and the appeals were consolidated.

The Court of Appeals held:

1. The plaintiff, by failing in the trial court to oppose the defendants' motions for summary disposition on the basis that discovery was not complete, has not preserved his appellate claim on that basis. In any event, no error arose on the basis that the orders of summary disposition were prematurely granted.

2. The record does not support the plaintiff's claim that the release was not fairly and knowingly made. The record clearly shows that the plaintiff was aware that the x-ray was missing when he executed the release.

3. Because the release was fairly and knowingly made, the plaintiff's failure to tender back the consideration received in exchange for the release given in the prior malpractice action precludes both the reasserting of the malpractice claim and the asserting of the fraud claim.

4. The trial court properly held that the release was broad enough to cover the fraud claim and that, accordingly, the failure to tender back the consideration received in exchange for the release barred that claim. The release clearly applied to any and all claims that the plaintiff might have against the defendants that were based on or related in any manner to the deceased's treatment or death or matters that were or could have been alleged against the defendants in a lawsuit. Further, because the plaintiff in the release specifically acknowledged that no representation or inducement had been made by the defendants to settle the case except for the agreed consideration, the plaintiff is foreclosed from claiming any reliance on any representation that may have been made with respect to the missing x-ray.

5. The plaintiff's argument in his brief on appeal with respect to his claim that the court erred in awarding costs was so insufficient that the issue must be deemed to have been abandoned.

Affirmed.

1. COMPROMISE AND SETTLEMENT — RELEASE — TENDER — FRAUD.

The tendering back of any consideration received in exchange for a release is a precondition to the bringing of an independent action for damages based on a claim of fraud in the obtaining of the release.

2. ACTIONS — DESTRUCTION OF MEDICAL RECORDS — PENAL CODE.

The provision in the section of the Michigan Penal Code relating to the destruction of medical records that provides that that section does not create or provide a basis for a civil cause of action for damages does not bar a civil claim for the destruction of medical records where such civil cause of action is brought under a different statute or a recognized theory of recovery (MCL 750.492a[4]; MSA 28.760[1][4]).

*Cummings, McClorey, Davis & Acho, P.C.* (by *Sean F. Cox* and *Vahan C. Vanerian*), for the plaintiff.

*Kitch, Drutchas, Wagner & Kenney, P.C.* (by *Susan Healy Zitterman* and *John J. Ramar*), for Detroit Macomb Hospital Corporation.

*Kerr, Russell and Weber* (by *Stephen D. McGraw* and *Joanne Geha Swanson*), for Diagnostic Radiology Consultants, P.C., and Dr. Marvin Gordon.

*O'Leary, O'Leary, Jacobs, Mattson, Perry & Mason, P.C.* (by *John P. Jacobs*), for the estate of Dr. Raymond Kurtzman.

Before: TAYLOR, P.J., and FITZGERALD and P. D. HOUK,* JJ.

TAYLOR, P.J. Plaintiff appeals as of right from orders granting summary disposition in favor of all defendants in two lower court cases that have been consolidated on appeal. We affirm.

Plaintiff's decedent, Lori Dresden, went to Detroit Macomb Hospital complaining of chest pain on March 24, 1989. Her chest x-ray was interpreted as normal, and she was discharged. Dresden died three days later. Plaintiff filed a medical malpractice lawsuit against defendants and requested a copy of the x-ray. Defendant hospital advised plaintiff that it was unable to find the x-ray after having made a diligent search. Plaintiff eventually settled the lawsuit, signing a release and receiving $285,000 without ever having received a copy of the x-ray. Later, plaintiff became aware that the x-ray may have been intentionally destroyed by Dr. Raymond Kurtzman in the belief that the x-ray had been misread by Dr. Marvin Gordon. Plaintiff filed a new lawsuit alleging fraud and

---

* Circuit judge, sitting on the Court of Appeals by assignment.

included a count seeking to reopen the prior malpractice claim. Plaintiff alleged that defendants had fraudulently stated that they were unaware of the whereabouts of the x-ray when in fact they knew the x-ray had been destroyed by Dr. Kurtzman. Plaintiff was unable to serve several of the defendants, including Dr. Kurtzman, who had died, before expiration of the summons, so he filed an additional lawsuit against those defendants.

The trial court granted summary disposition pursuant to MCR 2.116(C)(7) (claim barred because of a release) of the count seeking to reassert malpractice. The court granted summary disposition of the fraud claim pursuant to MCR 2.116(C)(10) (no genuine issue of material fact). The court held that plaintiff (1) had failed to identify the misrepresentations upon which he detrimentally relied, (2) had not suffered any damages as a result of the destruction of the x-ray, and (3) could not maintain a fraud claim because he had not tendered back the consideration paid as a result of the release and settlement agreement. We review the trial court's orders de novo. *Lindsey v Harper Hosp*, 213 Mich App 422, 424; 540 NW2d 477 (1995); *Patterson v Kleiman*, 447 Mich 429, 432; 526 NW2d 879 (1994).

Initially, plaintiff argues that summary disposition of both claims was improper because discovery was incomplete at the time the court granted the motions. This issue is without merit. Plaintiff did not oppose defendants' motions for summary disposition on this basis below. Thus, this issue is not preserved for appeal. See *People v Grant*, 445 Mich 535, 546; 520 NW2d 123 (1994). In any event, we find no error. See

*Prysak v R L Polk Co*, 193 Mich App 1, 11; 483 NW2d 629 (1992).

Plaintiff contends that summary disposition of the malpractice claim was improper because (1) the tendering back of the consideration received for the release was not required because the release was not fairly and knowingly made, (2) the tendering back of the consideration received for the release was not required in order to assert fraud as an independent basis for recovery in tort, and (3) he was entitled to equitable reformation of the release. We disagree and find that the trial court properly granted summary disposition of the malpractice claim.

We reject plaintiff's claim that the release was not fairly and knowingly made. Plaintiff was represented by counsel at all times, and his counsel stated in the release that he had explained the legal import of the release to plaintiff before plaintiff signed it. Plaintiff was well aware that the x-ray was missing when he settled the case and executed the release. In fact, plaintiff argued at mediation that he was entitled to a presumption that the x-ray would favor his case because defendants had been unable to produce it.

We find that plaintiff's claim that he was not required to tender back the consideration received for the release in order to assert fraud as an independent basis for recovery in tort is without merit. *Chapman v Ross*, 47 Mich App 201, 205; 209 NW2d 288 (1973) (a party seeking to avoid a release must tender back the amount paid; if no tender is made the release is permitted to stand). Accord *Stefanic v Cranbrook Educational Community (After Remand)*, 435 Mich 155, 163; 458 NW2d 56 (1990). See also *Taylor Group v ANR Storage Co*, 452 Mich 561; 550 NW2d 258 (1996),

which states that this rule applies as long as the document entitled a release is a true release compromising liability.

We also reject any suggestion that plaintiff was entitled to reformation of the release to allow him to bring a fraud claim against defendants because the fraud claim is within the broad scope of the release. In *Chapman, supra,* the plaintiff sought to cancel a release, alleging she had been fraudulently induced to sign the release. This Court affirmed the dismissal of that claim because the plaintiff had not tendered back the consideration, as is the case herein. Indeed, tender is a precondition even if an equitable claim is raised with a legal claim. *Stefanic, supra* at 170.

Plaintiff next argues that the court erroneously granted summary disposition of the fraud claim. The court summarily dismissed the fraud claim on the bases that plaintiff (1) failed to identify the misrepresentations upon which he detrimentally relied, (2) had not suffered any damages as a result of the destruction of the x-ray, and (3) could not maintain a fraud claim because he had not tendered back the consideration paid as a result of the release. Plaintiff asserts the court's ruling was improper because the scope of the release did not include the fraud claims against the defendants and he had established claims for fraudulent concealment, fraudulent misrepresentation, and fraudulent procurement of the release, all of which produced damages. We find the trial court properly granted summary disposition of plaintiff's fraud claim.

Plaintiff's claim that the scope of the release does not include the fraud claims against the defendants is without merit. The release specifically mentions all

the defendants and includes language releasing the defendants from liability for "any and all" causes of action that could have been based upon, or could have arisen out of, the medical care rendered to Dresden or in any manner related to Dresden, including liability for damages incurred as a result, and liability for any and all matters and things alleged or that could have been alleged against the defendants in the lawsuit. Plaintiff's claim that the release is silent concerning unknown claims is erroneous, because the release mentions "any and all" causes of action. The scope of the release was sufficiently broad to bar the fraud claim.

We further find summary disposition of the fraud claim was proper because plaintiff specifically acknowledged and agreed in the release that no representation or inducement except for the consideration paid had been made by the defendants to settle the case. This statement in the release forecloses plaintiff from claiming that he was relying on misrepresentations of defendants regarding the missing x-ray when he settled the lawsuit. As discussed previously, the holding in *Chapman, supra*, clearly establishes that plaintiff's failure to tender back the consideration foreclosed assertion of a fraud claim. Because plaintiff alleged intrinsic fraud, he could not proceed by an independent action. *Sprague v Buhagiar*, 213 Mich App 310, 314; 539 NW2d 587 (1995). *Nederlander v Nederlander*, 205 Mich App 123, 126; 517 NW2d 768 (1994). Indeed, applicable by analogy is *Meyer v Hubbell*, 117 Mich App 699, 704; 324 NW2d 139 (1982), which held that Michigan does not recognize a civil cause of action for perjury. Plaintiff's remedy, if any, was under MCR 2.612(C). *Sprague, supra;*

*Nederlander, supra.* Plaintiff's reliance upon *Kordis v Auto Owners Ins Co*, 311 Mich 247; 18 NW2d 811 (1945), is misplaced, because that case is distinguishable. *Kordis* allowed a claim against the original tortfeasor's insurer, not the original defendant. *Rood v Midwest Matrix Mart, Inc*, 350 Mich 559, 566-567; 87 NW2d 186 (1957).

Defendants claim that subsection 4 of MCL 750.492a; MSA 28.760(1) bars a civil claim for the destruction of medical records. We disagree. Subsection 2 of this statute makes a health care provider's destruction of medical records for the purpose of concealing responsibility for a patient's injury, sickness, or death a felony. Subsection 4 states that the statute does not create or provide a basis for a civil cause of action for damages. The fact that this statute does not create or provide a basis for a civil cause of action for damages for the destruction of medical records does not mean that such a cause of action could not be brought under a different statute or recognized legal theory. Indeed, MCL 750.492a(4); MSA 28.760(1)(4) is part of the Michigan Penal Code, and MCL 750.4; MSA 28.194 states as follows with reference to the Michigan Penal Code:

> The omission to specify or affirm in this act any liability to damages, penalty, forfeiture or other remedy, imposed by law, and allowed to be recovered, or enforced in any civil action or proceeding, for any act or omission declared punishable herein does not affect any right to recover or enforce the same.

See also *People v McMurchy*, 249 Mich 147, 162; 228 NW 723 (1930) (the Legislature may impose criminal responsibility for a tort that previously carried with it only civil liability).

Given our determination that the fraud claim was barred by language in the release and by plaintiff's failure to tender back the consideration received for signing the release, we need not determine if the trial court's dismissal on the additional basis of plaintiff's failure to establish damages was proper.

Finally, plaintiff contends that the court erred in awarding $200 in costs. We disagree. The trial court granted summary disposition, and subsequently denied a motion for reconsideration, in Case No. 93-000072. Thereafter, plaintiff's counsel rejected the request of counsel for Diagnostic Radiology Consultants, P.C., that plaintiff's counsel stipulate dismissal in Case No. 93-002216 because it involved identical facts and claims and was assigned to the same judge. Plaintiff's counsel's refusal to stipulate dismissal made a hearing necessary. At the hearing, plaintiff's counsel stated that he would not oppose the motion for summary disposition for the reasons set forth in the court's earlier opinion and order, but asked that the two cases be consolidated because he anticipated further proceedings. Counsel for Diagnostic Radiology orally moved for $1,500 in costs. The court entered an order requiring plaintiff's law firm (not plaintiff) to pay $200 in costs to the law firm that represented defendant Diagnostic Radiology. Plaintiff's sole argument on appeal regarding this issue is:

> Because Plaintiff was duty bound to respond to Defendants' Motion for Summary Disposition, the trial court's award of costs in the amount of $200.00 was unjustified.

We deem this issue abandoned on appeal as being insufficiently briefed. *Impullitti v Impullitti*, 163 Mich App 507, 509; 415 NW2d 261 (1987); *Guardiola v*

*Oakland Hosp*, 200 Mich App 524, 536; 504 NW2d 701 (1993). Indeed, plaintiff's counsel could have avoided the necessity of a hearing by agreeing to approve with regard to form only an order of dismissal. See *Ahrenberg Mechanical v Howlett*, 451 Mich 74, 78-79, n 4; 545 NW2d 4 (1996).

Affirmed.