# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 26, 2006

128874 & (63)

RENELLE FOREMAN,
      Plaintiff-Appellee,

v

DENNIS WALTER FOREMAN,
      Defendant-Appellant.
_____/

SC: 128874
COA: 250412
Oakland CC: 2002-037507-CZ

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

On order of the Court, the application for leave to appeal the May 3, 2005 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court. The motion to strike plaintiff-appellee's reply brief is DENIED as moot.

TAYLOR, C.J., would grant leave to appeal.

MARKMAN, J., dissents and states as follows:

I would grant leave to appeal. Plaintiff and defendant were divorced in July 2000. After mediation, the parties reached a property settlement that was incorporated, but not merged, into the judgment of divorce. More than two years after the judgment was entered, plaintiff brought the instant action claiming that defendant fraudulently induced her to enter into the property settlement. In *Nederlander v Nederlander*, 205 Mich App 123, 127 (1994), the Court of Appeals held that a party who suspects that the other party has committed fraud during a divorce proceeding must seek relief under MCR 2.612(C)(1)(c) and (2) within one year after the judgment. However, in *Grace v Grace,* unpublished opinion per curiam of the Court of Appeals, issued May 23, 1995 (Docket No. 163344), the Court of Appeals distinguished *Nederlander* from those cases in which the underlying property settlement had only been incorporated, but not merged, into the judgment of divorce. The court held that the property settlement constituted a separate contract to which the fraud claim could properly apply. I would grant leave to appeal to determine whether the *Grace* exception to *Nederlander*, vitiating the requirement in MCR 2.612 that a claim of fraud in a divorce action be asserted within one year of judgment, should be adopted by this Court.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 26, 2006

*Corbin R. Davis*
Clerk

p0523