714 N.W.2d 288 (2006)
475 Mich. 863
Renelle FOREMAN, Plaintiff-Appellee,
v.
Dennis Walter FOREMAN, Defendant-Appellant.
Docket No. 128874 & (63). COA No. 250412.
Supreme Court of Michigan.
May 26, 2006.
On order of the Court, the application for leave to appeal the May 3, 2005 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court. The motion to strike plaintiff-appellee's reply brief is DENIED as moot.
TAYLOR, C.J., would grant leave to appeal.
MARKMAN, J., dissents and states as follows:
I would grant leave to appeal. Plaintiff and defendant were divorced in July 2000. After mediation, the parties reached a property settlement that was incorporated, but not merged, into the judgment of divorce. More than two years after the judgment was entered, plaintiff brought the instant action claiming that defendant fraudulently induced her to enter into the property settlement. In Nederlander v. Nederlander, 205 Mich.App. 123, 127, 517 N.W.2d 768 (1994), the Court of Appeals held that a party who suspects that the other party has committed fraud during a divorce proceeding must seek relief under MCR 2.612(C)(1)(c) and (2) within one year after the judgment. However, in Grace v. Grace, unpublished opinion per curiam of the Court of Appeals, issued May 23, 1995 (Docket No. 163344), the Court of Appeals *289 distinguished Nederlander from those cases in which the underlying property settlement had only been incorporated, but not merged, into the judgment of divorce. The court held that the property settlement constituted a separate contract to which the fraud claim could properly apply. I would grant leave to appeal to determine whether the Grace exception to Nederlander, vitiating the requirement in MCR 2.612 that a claim of fraud in a divorce action be asserted within one year of judgment, should be adopted by this Court.