# STATE OF MICHIGAN

# COURT OF APPEALS

---

MARIA T. PROSE,

        Plaintiff-Appellee,

v

THOMAS M. PROSE,

        Defendant-Appellant.

UNPUBLISHED
September 7, 2017

No. 330886
Wayne Circuit Court
LC No. 15-004686-CZ

---

MARIA T. PROSE,

        Plaintiff-Appellant,

v

THOMAS M. PROSE,

        Defendant-Appellee.

No. 331265
Wayne Circuit Court
LC No. 15-004686-CZ

---

Before: GADOLA, P.J., and METER and FORT HOOD, JJ.

PER CURIAM.

The parties appeal by leave granted the trial court's opinion and order granting defendant's motion for summary disposition of plaintiff's claims of fraud arising from the parties' prior divorce proceeding, but granting plaintiff leave to file an amended complaint. In Docket No. 330886, defendant appeals the portion of the trial court's order granting plaintiff leave to amend her complaint. In Docket No. 331265, plaintiff appeals the portion of the trial court's order granting defendant summary disposition of her claims pursuant to MCR 2.116(C)(8) and (10). We affirm in part, vacate in part, and remand this case for further proceedings.

## I. FACTS AND PROCEEDINGS

In 2010, plaintiff filed a complaint for divorce against defendant, which resulted in the entry of a divorce judgment on March 22, 2011. The judgment ordered the parties to arbitrate

the allocation of personal property, including artworks, in the marital home. An initial arbitration award did not allocate two sculptures, *Joie de Vivre* and *Sleep Marcel Sleep*, because they were not in the marital home when the parties met with the arbitrator to divide the property. In a second arbitration award, the arbitrator found that the sculptures were missing and it was not possible to determine which party was responsible for the absence of these works. The arbitrator ordered the parties to file an insurance claim for their loss. The trial court issued an order affirming the second arbitration award on November 28, 2012. Plaintiff filed an insurance claim, but the claim was denied as untimely. Defendant did not participate in the filing of the insurance claim.

During their marriage, defendant owned and operated a medical practice, General Medicine, P.C. In 1996, General Medicine brought an action for breach of contract against Horizon/CMS Health Care Corporation in the United States District Court for the Eastern District of Michigan (the "Horizon litigation"). In 1997, HealthSouth Corporation ("HealthSouth") acquired Horizon in a transaction that resulted in Horizon becoming a subsidiary of HealthSouth. General Medicine later filed a lawsuit against HealthSouth in Alabama state court, seeking to set aside HealthSouth's transfers of Horizon's assets under the Alabama Uniform Fraudulent Transfer Act ("UFTA") (the "HealthSouth litigation"). The parties' divorce judgment included the following provision:

> To the extent that General Medicine, P.C. or any of its related entities should ever recover anything from the Health South [sic] litigation, Defendant shall become and be the sole and separate owner of same, free and clear of all claims by Plaintiff.

General Medicine alleged in the HealthSouth litigation that HealthSouth fraudulently stripped Horizon of its assets in order to prevent General Medicine from enforcing a judgment against Horizon. At the time the divorce judgment was entered, General Medicine appeared to be at a disadvantage because the federal district court had set aside a $376,000,000 consent judgment between General Medicine and Horizon on a motion by non-party HealthSouth. In 2012, however, after entry of the parties' divorce judgment, the Sixth Circuit Court of Appeals reversed the federal district court's decision and reinstated the consent judgment. *Gen Medicine, PC v Horizon/CMS Health Care Corp*, 475 Fed Appx 65 (CA 6, 2012). In 2015, General Medicine and HealthSouth entered into a confidential settlement agreement, the terms of which were not disclosed to plaintiff.

Plaintiff filed the instant action against defendant in 2015, asserting claims for fraudulent inducement, fraudulent misrepresentation, silent fraud, and innocent misrepresentation. Plaintiff alleged that defendant falsely represented during the divorce proceeding, in discovery and during negotiation of the property division, that General Medicine would abandon the Horizon litigation because it lacked resources to continue the litigation. Plaintiff also alleged that defendant concealed the existence of the HealthSouth litigation in Alabama and that defendant misrepresented the status of the Alabama action. Defendant moved for summary disposition of plaintiff's claims under MCL 2.116(C)(8) and (10). Defendant argued that plaintiff's claims were an invalid and untimely attempt to obtain relief from the divorce judgment under MCR 2.612.

Plaintiff opposed defendant's motion and also moved for leave to amend her complaint to add claims for fraudulent inducement, fraudulent misrepresentation, silent fraud, and innocent misrepresentation in regard to the *Joie de Vivre* and *Sleep Marcel Sleep* sculptures. Defendant opposed the amendment, reiterating his argument that these claims were an invalid and untimely attempt to obtain relief from the divorce judgment under MCR 2.612. The trial court granted defendant summary disposition for the HealthSouth and Horizon litigation fraud claims, but granted plaintiff leave to amend her complaint. This Court granted the parties' applications for leave to appeal.

## II. DOCKET NO. 330886

Defendant argues that the trial court erred in granting plaintiff leave to amend her complaint. A trial court's decision on a motion to amend pleadings is reviewed for an abuse of discretion. *Ormsby v Capital Welding, Inc*, 471 Mich 45, 53; 684 NW2d 320 (2004). To the extent this issue requires the interpretation and application of court rules, such matters are reviewed de novo as questions of law. *CAM Constr v Lake Edgewood Condo Ass'n*, 465 Mich 549, 553; 640 NW2d 256 (2002).

Plaintiff argues that defendant failed to preserve this issue because his response to her motion to amend her complaint was not timely filed. We disagree, because defendant argued his position at the hearing on plaintiff's motion. In any event, even if an issue is unpreserved, a party can avoid forfeiture of a claim of error if three requirements are met: " '1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights.' " *Kern v Blethen-Coluni*, 240 Mich App 333, 336; 612 NW2d 838 (2000), quoting *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

MCR 2.118(A)(2) permits a party to "amend a pleading only by leave of the court or by written consent of the adverse party. Leave shall be freely given when justice so requires." Leave to amend should be denied only for particularized reasons, such as undue delay, bad faith or dilatory motive on the movant's part, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party, or where amendment would be futile. *Ben P Fyke & Sons, Inc v Gunter Co*, 390 Mich 649, 656; 213 NW2d 134 (1973). Defendant contends that the trial court abused its discretion in permitting plaintiff to amend her complaint because her fraud claims related to the two sculptures are, in substance, an untimely attempt to obtain relief from the divorce judgment, and because they are an improper collateral attack on the judgment affirming the second arbitration award.

Defendant implies that the fraud claims in plaintiff's amended complaint are, in substance, a request for relief from judgment under MCR 2.612. Although plaintiff did not cite MCR 2.612 in her motion to amend her complaint, the trial court initially cited MCR 2.612 as authority for granting her motion to amend, but subsequently retracted this statement when denying defendant's motion for reconsideration. Plaintiff argues that MCR 2.612 and its time constraints are not relevant to her amended complaint because she is asserting an independent action for fraud, not seeking relief from a prior judgment. Plaintiff maintains that she has no need for relief from judgment because her complaint is that defendant's fraud thwarted proper enforcement of the divorce judgment.

Defendant relies on *Nederlander v Nederlander*, 205 Mich App 123; 517 NW2d 768 (1994), in which this Court summarized the pertinent facts as follows:

> Following a trial, the entry of a divorce judgment on May 24, 1988, ended a marriage that began in June 1975. More than one year after entry of the judgment, the plaintiff sought to reopen discovery in an attempt to set aside the judgment under MCR 2.612(C)(1)(c). The trial court determined that the plaintiff's motion was untimely under MCR 2.612(C)(2), but allowed the plaintiff to file an amended complaint. On February 14, 1990, the plaintiff filed her first amended complaint in this proceeding, alleging fraud on the court, fraudulent misrepresentations and omissions, breach of fiduciary duty, intentional infliction of emotional distress, conspiracy to defraud, and abuse of process. The amended complaint does not seek to set aside the divorce judgment. Instead, the plaintiff's complaint is an independent action for monetary damages. Plaintiff claimed that the defendant misrepresented the value of his interest in Ticketmaster, Inc., and Nederlander Realty of Illinois. Specifically, the plaintiff alleged that the defendant knew during the divorce proceedings that Ticketmaster would be merged into a new entity, with the defendant redeeming his stock, and that the realty company was in the process of selling valuable real estate known as Poplar Creek. [*Id*. at 124-125.]

The trial court granted summary disposition to the defendant under MCR 2.116(C)(10), "ruling that the evidence did not create a genuine issue of material fact regarding whether the defendant or his witnesses falsely testified at trial or concealed material evidence from the court." *Id*. at 125. On appeal, this Court held that the case was controlled by the Supreme Court's decision in *Triplett v St Amour*, 444 Mich 170; 507 NW2d 194 (1993); this Court stated:

> If a party suspects that the other party has committed fraud during a divorce proceeding, then MCR 2.612(C)(1)(c) and (2) allows the party to seek redress within one year after the judgment is entered. On the other hand, we believe that allowing a party to file an independent action for fraud whenever the other party, more than one year after the divorce judgment is entered, liquidates assets or consummates a business transaction is contrary to the public policy behind the finality of judgments. The exercise of due diligence during the course of liberal discovery should expose any intrinsic fraud that may be present in the divorce proceeding. Accordingly, we find that the trial court did not err in granting the defendant summary disposition because the claim was so clearly unenforceable as a matter of law that no factual development could establish the claim and justify recovery. [*Nederlander*, 205 Mich App at 126-127.]

Plaintiff relies on *Grace v Grace*, 253 Mich App 357; 655 NW2d 595 (2002), in which parties to a divorce action "entered into a separation agreement . . . that was incorporated, but not merged, into the divorce judgment." *Id*. at 359. The plaintiff subsequently alleged that the defendant defrauded her by concealing substantial marital assets and undervaluing other assets before the parties entered into the separation agreement. *Id*. at 359-360. This Court distinguished *Nederlander* because the separation agreement was a distinct contract from the judgment of divorce. *Id*. at 364-365. Plaintiff also relies on *Foreman v Foreman*, 266 Mich App

-4-

132; 701 NW2d 167 (2005), in which the parties' mediated property settlement "was incorporated, but not merged," into the parties' divorce judgment. *Id*. at 134. This Court held that "the *Grace* Court's ruling, that an independent cause of action for fraud lies where a settlement agreement is incorporated, but not merged, into the judgment," was binding precedent. *Id*. at 141. This Court noted that the plaintiff was "not seeking relief from or amendment of the judgment of divorce," but instead was seeking "to recover money damages for fraud relating to the underlying contract, the property settlement between defendant and her." *Id*.

We agree with plaintiff that *Grace* and *Foreman* provide authority for allowing her amended complaint. Plaintiff cites paragraphs 61, 62, and 65 of the divorce judgment. These provisions state:

> 61. Each of the parties affirms that he/she has disclosed all assets that he/she owns or has any interest in . . . . This Judgment of Divorce is intended to effectuate a distribution and allocation of all the property of the parties. In the event that either party hereto has failed, either intentionally, or unintentionally, to disclose any of his or her assets, the issue of property settlement shall be reopened upon the petition of either party for the purpose of determining and resolving the distribution of the previously undisclosed asset or assets. In the event that any substantial assets or liabilities are later discovered, the party failing to disclose or hiding such assets and/or liabilities, may be subject to costs, sanctions, and attorney fees.

> 62. The contents of this Judgment of Divorce are made in full satisfaction of any and all rights and claims of whatsoever kind or nature from the beginning of time until the date of execution of this Judgment of Divorce, including but not limited to contract, personal injury, and tort claims, which either party may claim against the other, except for fraud pertaining to the negotiation and enforcement of this Judgment of Divorce.

> * * *

> 65. The Court shall retain jurisdiction over this matter in order to enforce the terms of this Judgment of Divorce. All of the terms of this Judgment of divorce shall be enforced by the Court through the use of its contempt powers and other powers.

These provisions essentially serve the same function as the unmerged settlement agreements in *Grace* and *Foreman*. Indeed, paragraph 62 specifically states that the judgment constitutes full satisfaction of all claims "except for fraud pertaining to the negotiation and enforcement of this Judgment of Divorce." The judgment of divorce provided that the parties' artwork would be divided in binding arbitration. Subsequently, the arbitrator found that the party responsible for the loss of the two sculptures could not be determined and ordered that an insurance claim be filed. Toward the end of 2014, plaintiff discovered, by way of photographs of defendant's home that were published in a newspaper, that defendant possibly had possession of the sculptures. Her amended complaint thus relates to fraud pertaining to the enforcement of the judgment of divorce. The wording of the divorce judgment—and specifically the language that essentially

allows an action for fraud in effectuating the arbitration provision—indicates that this case is sufficiently distinguishable from *Nederlander*[1] and *Triplett*.

Defendant argues that plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel. These arguments are unpersuasive. The prior litigation did not resolve issues of fraud. In addition, the claims relate to evidence arising after the litigation in question. Defendant admits that res judicata applies when the "evidence or essential facts are identical" in the prior and current litigation. *Sewell v Clean Cut Mgmt, Inc*, 463 Mich 569, 575; 621 NW2d 222 (2001). Here, the essential facts are not identical. Collateral estoppel requires that the parties had a full and fair opportunity to litigate the issue in the prior litigation. *Monat v State Farm Ins Co*, 469 Mich 679, 682-683; 677 NW2d 843 (2004). Here, there was no such opportunity. See, generally, *id*. at 683 n 2 (discussing the absence of a fair opportunity to litigate an issue because of the conduct of one's adversary).

Defendant argues that the trial court erred in ordering the parties to arbitrate the claims in plaintiff's amended complaint because the arbitration agreement did not encompass tort claims. The enforceability of an arbitration agreement is reviewed de novo as a question of law. *Michelson v Voison*, 254 Mich App 691, 693-694; 658 NW2d 188 (2003).

"Arbitration is generally recognized as a matter of contract." *Bayati v Bayati*, 264 Mich App 595, 598; 691 NW2d 812 (2004). Arbitration agreements must be enforced according to their terms to effectuate the intentions of the parties. *Id*. at 599.

The trial court quoted the arbitrator's statement that he "specifically adopt[ed]" testimony that the sculpture *Dance the Dawn* had a value of $35,000 and that the sculpture *The Rose* had a value of $21,000. The court then stated:

> The lack of similar testimony regarding *Joie De Vivre* and *Sleep Marcel Sleep* or other competent evidence of their value means that neither res judicata nor collateral estoppel applies. For, in order for res judicata or collateral estoppel to apply, the Arbitrator would have had to determine a value of the items, which he did not, and this Court would have had to make a judicial determination about the items, which it did not.
>
> Therefore, the Court is granting Plaintiff's Motion for Leave to file an Amended Complaint pursuant to MCR 2.118(A)(2) and shall refer the parties back to binding arbitration with Gil Gugni.

---

[1] We note that, in *Nederlander*, 205 Mich App at 124-125, the plaintiff claimed that the defendant misrepresented the probable future value of a known asset. This present case is different in that plaintiff is alleging that defendant actively hid marital assets and therefore made it difficult for the arbitrator to properly allocate the assets. The arbitrator was forced to resort to ordering an insurance claim, which was never successfully completed. In *Nederlander* the asset was essentially "available" to be assessed by either party, but such was not the case with the statues at issue here.

We agree that at this stage in the proceedings, when plaintiff has simply been allowed to proceed on her amended complaint in the circuit court, it was premature for the court to refer any issue back to arbitration with Gil Gugni. We vacate that part of the trial court's order referring the case to arbitration; any relief stemming from plaintiff's independent action for fraud is left, at this point, for further proceedings in the trial court.

Defendant also claims that the trial court erred in denying his motion for reconsideration. Motions for reconsideration are governed by MCR 2.119(F). MCR 2.119(F)(3) provides:

> Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.

Defendant's motion for reconsideration did not demonstrate that an error mandating a different disposition occurred (aside from the referral to arbitration, which we have addressed immediately above). We find no basis for further relief.

## III. DOCKET NO. 331265

Plaintiff argues that the trial court erred in granting defendant's motion for summary disposition under MCR 2.116(C)(8) and (10). A trial court's decision on a motion for summary disposition is reviewed de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). "A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint" and "[a]ll well-pleaded factual allegations are accepted as true and construed in a light most favorable" to the nonmoving party. *Id*. at 119. Summary disposition may be granted under MCR 2.116(C)(8) if the plaintiff's claims are so unenforceable "as a matter of law that no factual development could possibly justify recovery." *Id*. (quotation marks and citation omitted). Summary disposition may be granted under MCR 2.116(C)(10) when "there is no genuine issue as to any material fact and the moving party is entitled to judgment . . . as a matter of law." This Court must consider any evidence submitted by the parties and view that evidence in the light most favorable to the nonmoving party to determine whether a genuine issue of material fact exists. *Maiden*, 461 Mich at 120.

Plaintiff argues that the trial court erred in determining that she failed to plead valid claims of fraud. We disagree. Plaintiff's fraud claims are based on representations defendant made concerning the progress of General Medicine's litigation during the pendency of their divorce action. Plaintiff alleged these instances of falsity:

- Defendant's Verified Emergency Motion stated that General Medicine did not have sufficient funds to cover Horizon litigation expenses. Defendant requested permission to abandon the litigation. Instead of abandoning the litigation, General Medicine's attorneys filed an appeal in the Sixth Circuit the day after the order was entered (August 17-18, 2010).

- In October 2010, defendant told plaintiff's financial expert, Esser that he was "dropping the lawsuit" when, in fact, the appeal was pending in the Sixth Circuit.

- Defendant testified in his deposition in February 2011 that he was not familiar with the ruling allowing him to abandon the litigation. He denied knowing if General Medicine was still involved in the HealthSouth litigation. He denied instructing his attorneys about plans to continue or discontinue the litigation. Despite his professed lack of knowledge, defendant stated that "Corbett O'Meara, the federal judge," dismissed General Medicine's case. Defendant stated that he "lost" in the HealthSouth litigation, and that the judgment was "thrown out."

- In response to plaintiff's requests for admissions, defendant denied that General Medicine withdrew its appeal in the HealthSouth litigation, but he stated that he left a message for his attorney requesting withdrawal of the appeal.

- When the parties met to draft the divorce judgment, although defendant indicated that he wanted to be the sole recipient of recovery from the HealthSouth litigation, his attorneys "confirmed that the litigation and federal appeal were absolutely dead."

- Defendant did not reveal to plaintiff that General Medicine was involved in two "sets" of litigation, the Horizon litigation in Michigan federal court and the HealthSouth litigation in Alabama state court. Plaintiff did not learn about the Alabama litigation until 2014.

Plaintiff argues that she relied on these statements by agreeing to relinquish any claim to damages that defendant might receive in the HealthSouth litigation.

Plaintiff's allegation that defendant concealed from her the HealthSouth litigation in Alabama is untenable. The Alabama litigation was not a secret and was clearly referenced in the federal district court's General Medicine opinion in 2009. We note that even though she filed a reply brief, plaintiff does not dispute defendant's assertion that, in response to discovery requests, plaintiff received a copy of this opinion. Defendant was entitled to summary disposition of plaintiff's fraud claims as they pertained to his alleged concealment of the HealthSouth litigation.

The elements of fraudulent misrepresentation are:

> (1) the defendant made a material representation; (2) the representation was false; (3) when the defendant made the representation, the defendant knew it was false, or made it recklessly, without knowledge of its truth as a positive assertion; (4) the defendant made the representation with the intention that the plaintiff would act upon it; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff suffered damage. [*Bergen v Baker*, 264 Mich App 376, 382; 691 NW2d 770 (2004) (quotation marks and citations omitted).]

Generally, a fraud claim must arise from a statement relating to a past or existing fact; therefore, a promise relating to a future action is usually considered contractual and does not constitute fraud. *Hi–Way Motor Co v Int'l Harvester Co*, 398 Mich 330, 336; 247 NW2d 813 (1976).

-8-

However, when "a party materially misrepresents future conduct under circumstances in which the assertions may reasonably be expected to be relied upon and are relied upon," a claim for fraud in the inducement may be stated. *Custom Data Solutions, Inc v Preferred Capital Inc*, 274 Mich App 239, 242-243; 733 NW2d 102 (2006) (quotation marks and citations omitted).

Plaintiff's remaining bases for fraud are untenable. Plaintiff claims that defendant falsely stated that General Medicine lacked the funds to continue the litigation, falsely stated that he was dropping the lawsuit, and also falsely stated that he requested permission to end the litigation. However, plaintiff then admits that defendant, in February 2011, *denied* telling his attorneys that he wanted to discontinue the litigation and also denied knowing whether General Medicine was still involved in the HealthSouth litigation. Plaintiff cannot ignore information that contradicts an alleged misrepresentation. *Titan Ins Co v Hyten*, 491 Mich 547, 555 n 4; 817 NW2d 562 (2012). Moreover, defendant's statements that he "lost" and that the judgment was "thrown out" did not preclude the possibility that he would pursue appeals. In addition, the admission by defendant that he had merely left a message for his attorney requesting withdrawal of the appeal was not a statement of fact indicating that the appeal was actually withdrawn, especially when defendant denied that the appeal had been withdrawn at that point. Defendant's attorneys' statements in settlement negotiations, before release of the Sixth Circuit's opinion, that "the litigation and federal appeal were absolutely dead" were too subjective to be construed as assurances of fact that General Medicine had exhausted all legal recourse against HealthSouth and Horizon. See, generally, *Cummins v Robinson Twp*, 283 Mich App 677; 770 NW2d 421 (2009) (discussing legal opinions). Plaintiff has failed to establish that the trial court erred in granting defendant's motion for summary disposition.

Plaintiff argues that the trial court erred in concluding that defendant's collection of monies arising from the $376 million consent judgment derived from the HealthSouth litigation as opposed to the Horizon litigation. She claims that the HealthSouth litigation was inextricably linked to the Horizon litigation. The trial court essentially concluded that the issue of whether the money should be considered derived from the Horizon litigation or from the HealthSouth litigation was relevant only if plaintiff had presented sufficient evidence of fraud. We agree that the issue becomes relevant only if the fraud claims were to be deemed viable, because fraud/misrepresentation is what plaintiff alleged in her complaint. Because the fraud claims are not viable, we decline to address the issue. Plaintiff contends in a reply brief that we must address this issue because of the possibility of "future enforcement actions." We decline to address an unripe issue. See *Citizens Protecting Michigan's Constitution v Secretary of State*, 280 Mich App 273, 282; 761 NW2d 210 (2008) (discussing ripeness).

Affirmed in part, vacated in part, and remanded for further proceedings. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Patrick M. Meter
/s/ Karen M. Fort Hood