**NOT RECOMMENDED FOR PUBLICATION**
File Name: 16a0660n.06

**No. 16-3409**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JOSEPH STOLMAYER and WILMA STOLMAYER, | ) ) ) | **FILED**<br>Dec 07, 2016<br>DEBORAH S. HUNT, Clerk |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| JOHN B. MCCARTHY, in his official capacity as Director of the Ohio Department of Medicaid, | ) ) ) | |
| Defendant-Appellee. | ) ) | |

BEFORE: SILER, BATCHELDER, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

Plaintiffs Wilma and Joseph Stolmayer appeal the district court's order dismissing their 42 U.S.C. § 1983 action against defendant John McCarthy, the Director of the Ohio Department of Medicaid. The Stolmayers dispute the Department's decision to restrict Mrs. Stolmayer's Medicaid eligibility based on its determination that Mr. Stolmayer improperly transferred marital assets. They did not appeal this decision through the normal administrative review procedures and instead sought relief in federal court. While plaintiffs draw our attention to a circuit split over whether the Department's unappealed decision should be given preclusive effect, they did not raise this issue below. As a result, we find no error requiring reversal and affirm.

I.

Wilma Stolmayer entered a nursing home in August 2014. In December, she applied for Medicaid benefits through the Stark County Department of Jobs and Family Services. The Stark County Agency initially denied her coverage due to excess resources. After she spent those resources, the Agency deemed Mrs. Stolmayer eligible for benefits effective March 1, 2015, but imposed a restricted coverage period lasting through part of February 2018, based on its determination that her husband, Joseph Stolmayer, engaged in an "improper transfer" of the couple's assets. *See* 42 U.S.C. §§ 1396p(c)(1)(A) & 1396r-5(f)(1). As the district court explained:

> Under the relevant Medicaid law, Ms. Stolmayer is considered an "institutionalized spouse." Mr. Stolmayer, who remains at home and in the community, is considered the "community spouse." [*See* 42 U.S.C. § 1396r-5(h)(1)–(2).] A community spouse may keep a limited amount of the couple's resources . . . [referred to] as the Community Spouse Resource Allowance ("CSRA"). Ohio Admin. Code 5160:1-3-07(G). [*See* 42 U.S.C. § 1396r-5(f)(1)–(2)(A).] The CSRA is not considered in determining an institutionalized spouses' Medicaid eligibility. [*See* 42 U.S.C. § 1396r-5(c)(2), (f)(2)(A).] However, resources that exceed the CSRA are considered available to the institutionalized spouse for eligibility purposes. Ohio Admin. Code 5160:1-3-07(G). [*See* 42 U.S.C. § 1396r-5(c)(2).] The Stark County Agency determined that the annuities were purchased with funds in addition to the CSRA. As a result, the funds were counted when the Agency made Ms. Stolmayer's restricted eligibility determination.

Mrs. Stolmayer appealed the decision to the Ohio Department of Job and Family Services. Relying on our decision in *Hughes v. McCarthy*, 734 F.3d 473, 480 (6th Cir. 2013), she argued that "when assets are transferred to the individual's spouse or another for the sole benefit of the spouse, the unlimited transfer provision of 42 U.S.C. § 1396p(c)(2)(B)(i) controls," and the transfer is not improper. The Department rejected her argument, reasoning that it was

"not bound by rulings on federal statutory or constitutional law made by a federal court other than the United States Supreme Court." (Quoting *State v. Burnett*, 755 N.E.2d 857, 862 (Ohio 2001). "In addition," the Department noted, "Ohio Court of Appeals cases are split on this issue and the Ohio Supreme Court has not yet ruled definitively on this issue of transfers to purchase annuities with resources in excess of the CSRA to generate additional income for the [community spouse]."[1] Accordingly, the Department applied Ohio Admin. Code 5160:1-3-07(G), then in effect, and affirmed the Stark County Agency's decision. Mrs. Stolmayer concedes she did not appeal the decision to a state court of common pleas.

Instead, plaintiffs filed the instant 42 U.S.C. § 1983 action against defendant, alleging a violation of their rights under the Medicaid Act, and a violation of the Supremacy Clause based on Ohio's misinterpretation of the Act. Defendant moved to dismiss the complaint on res judicata grounds, arguing the Department's decision was a final judgment on the merits entitled to preclusive effect. The district court agreed and granted the motion. Plaintiffs timely appealed.

II.

We review the district court's application of res judicata and its decision to dismiss the complaint for failure to state a claim de novo. *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal is also appropriate where the complaint, however factually detailed, fails

---

[1]The Ohio Supreme Court has since declined to follow *Hughes* in a case involving an institutionalized spouse's transfer of a home to a community spouse. *See Estate of Atkinson v. Ohio Dep't of Job & Family Servs.*, 40 N.E.3d 1121, 1128–29 (Ohio 2015).

to state a claim as a matter of law. *In re City of Detroit*, ___ F.3d ___, No. 15-2236, 2016 WL 6677715, at \*10 (6th Cir. Nov. 14, 2016).

Federal courts ordinarily accord state court judgments the same preclusive effect they would receive in the forum state. *Ohio ex rel. Boggs v. City of Cleveland*, 655 F.3d 516, 519 (6th Cir. 2011); *see also Univ. of Tenn. v. Elliott*, 478 U.S. 788, 798–99 (1986). In Ohio, the doctrine of res judicata consists of "the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel." *O'Nesti v. DeBartolo Realty Corp.*, 862 N.E.2d 803, 806 (Ohio 2007). "Claim preclusion," the concept pertinent here, "prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action." *Id.* Thus, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 653 N.E.2d 226, 229 (Ohio 1995).

We have distilled this doctrine down to four elements:

(1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the same transaction or occurrence that was the subject matter of the previous action.

*Boggs*, 655 F.3d at 520 (citation omitted). Defendant bears the burden of proving each element. *Id.*

Here, the district court found that defendant carried his burden, and the Stolmayers do not challenge this finding. Rather, they contend that before granting defendant's motion, the district court first had to consider whether the Department's unappealed decision was entitled to claim preclusive effect at all. *See Herrera v. Churchill McGee, LLC*, 680 F.3d 539, 552 n.9 (6th Cir.

2012) (noting circuit split over the preclusive effect of unreviewed state administrative decisions and collecting cases).

We decline to resolve that question here, where plaintiffs did not present it to the district court in the first instance. This court considers new issues on appeal only in "exceptional cases," or when application of the forfeiture rule "would produce a plain miscarriage of justice." *Thomas M. Cooley Law Sch. v. Kurzon Strauss, LLP*, 759 F.3d 522, 528 (6th Cir. 2014) (internal quotation marks and brackets omitted). Neither exception applies in this case. For one, plaintiffs do not explain why they failed to raise the circuit-split issue before the district court, or why we should exercise our discretion to depart from the general rule of forfeiture.[2] For another, it is not clear that the Department's determination runs afoul of *Hughes* in any event.[3] "Although claim preclusion is a purely legal issue that we can address sua sponte under 'special circumstances,'" *Herrera*, 680 F.3d at 552 n.9 (quoting *Arizona v. California*, 530 U.S. 392, 412 (2000)), this is not one of them. We are better equipped to address issues of first impression with the benefit of the lower court's analysis. *See Cooley*, 759 F.3d at 528. Here, we are denied that benefit.

---

[2]In this regard, plaintiffs' argument that Ohio does not require exhaustion of administrative remedies is not the same as alerting the district court to a circuit split over the preclusive effect of unreviewed state administrative decisions.

[3]The applicability of *Hughes* depends in part on the timing of the transfer: "When assets are transferred to the individual's spouse or to another for the sole benefit of the individual's spouse, *before the institutionalized spouse is determined eligible for Medicaid coverage*, the unlimited transfer provision of § 1396p(c)(2) controls, and a transfer penalty [pursuant to § 1396r-5(f)(1)] is improper." 734 F.3d at 480 (emphasis added, internal quotation marks, citation, brackets, and footnote omitted). Plaintiffs allege Mrs. Stolmayer first applied for Medicaid benefits in December 2014. Mr. Stolmayer purchased the annuities in December 2014 and April 2015. However, the complaint does not identify when the Department initially denied Mrs. Stolmayer coverage, or when it granted her restricted coverage. Thus, it is not evident that the transfer here occurred "before the institutionalized spouse [was] determined eligible for Medicaid coverage." *Id.*

Claim preclusion applies to unappealed administrative decisions under Ohio law. *Carroll v. City of Cleveland*, 522 F. App'x 299, 303–04 (6th Cir. 2013) (citing *Wade v. City of Cleveland*, 456 N.E.2d 829, 831–32 (Ohio Ct. App. 1982)). Plaintiffs did not argue below that the district court could, or should, depart from Ohio law; and they do not contend on appeal that the court erred in concluding that the elements of claim preclusion are satisfied. The district court's judgment is therefore affirmed.