**NOT RECOMMENDED FOR PUBLICATION**

File Name: 20a0261n.06

Case No. 19-2118

| | | |
|---|---|---|
| **UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT** | | **FILED**<br>May 08, 2020<br>DEBORAH S. HUNT, Clerk |

| | | |
|---|---|---|
| ARTHUR R. TALBOT & KELLEY A. BEZRUTCH, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| Plaintiffs-Appellants, | ) ) | COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. BANK NATIONAL ASSOCIATION, | ) | OPINION |
| Defendant-Appellee. | ) ) | |

BEFORE: STRANCH, READLER, and MURPHY, Circuit Judges.

**CHAD A. READLER, Circuit Judge.** Arthur Talbot and Kelley Bezrutch lost their home in a state eviction suit brought by their home mortgagee. They then lost a related quiet title action against the home's new owner in which they claimed that the mortgagee fraudulently manufactured its ownership claim. Talbot and Bezrutch then brought this suit in federal court, challenging the validity of the foreclosure. The district court dismissed the action as barred by the res judicata doctrine. Seeing no error in the district court's judgment, we **AFFIRM.**

## I. BACKGROUND

In 2005, Plaintiffs Arthur Talbot and Kelley Bezrutch purchased a home in Ypsilanti, Michigan, with the backing of a mortgage from Bank of America, N.A. In 2008, the mortgage was assigned to Defendant U.S. Bank National Association, the trustee for a mortgage-backed security, nicknamed SURF 2006-BC1.

Not long thereafter, Plaintiffs fell behind on their mortgage payments. U.S. Bank initiated foreclosure proceedings, and later purchased the property at a sheriff's sale in 2011. Michigan law afforded Plaintiffs a sixth-month statutory redemption right. Mich. Comp. Laws § 600.3240(8). When Plaintiffs did not exercise that right, U.S. Bank filed an eviction action. Hoping to resolve the action through a buyback, the parties agreed to an amended consent judgment, through which Plaintiffs conceded that U.S. Bank would be granted title to and possession of the home, on the condition that the bank delay eviction to attempt a negotiation through which the Plaintiffs could repurchase the property. While the parties negotiated, on October 9, 2013, Bank of America, N.A. recorded an assignment of its interest in the property that indicated that it was Plaintiffs' lender and mortgagee. When the parties' negotiations fell through in 2014, Plaintiffs were evicted, and Defendant sold the property to a new owner, Robert Davis, for $225,500.

Plaintiffs filed a motion before the eviction court arguing that Defendant had acted in bad faith when it refused to accept Plaintiffs' buyback offers of $570,864. It is not clear what relief this motion requested given that the property had been sold. At the motion hearing, there was confusion about who currently owned the property, and the court told Plaintiffs' counsel he could look this information up in the county registry. When Plaintiffs' counsel conducted a title search, he noticed that Bank of America, N.A., a non-party, had recorded an assignment of its interest in the property on October 9, 2013, indicating that it was Plaintiffs' lender and mortgagee even though it had not been a party to the foreclosure or eviction proceedings. Based on this information, Plaintiffs filed a quiet title action against the home's subsequent purchaser. Plaintiffs claimed that the 2013 assignment of their mortgage from Bank of America to Nationstar Mortgage (U.S. Bank's mortgage servicer) proved the existence of a competing chain of title that could not be extinguished by the 2011 sheriff's sale. Additionally, Plaintiffs claimed that U.S. Bank falsely

back-dated the 2008 assignment to 2005 because the Pooling Service Agreement governing SURF

2006-BC1 did not allow U.S. Bank to accept the mortgage into the trust after 2006.

The state court summarily dismissed the action. Because Plaintiffs had defaulted on their

mortgage and did not redeem the property within the statutory period, their interest in the property

was extinguished. And because Plaintiffs lacked an interest in the property, the court concluded,

they could not bring suit to reclaim the property. The Michigan Court of Appeals affirmed on the

same reasoning. *Talbot v. Davis*, No. 323240, 2015 WL 9257863, *1 (Mich. Ct. App. Dec. 17,

2015).

Plaintiffs then brought this suit in federal court. Asserting facts and claims similar to those

from the underlying state court litigation, Plaintiffs asked the federal court to find that U.S. Bank

fraudulently instigated the eviction. The district court, however, dismissed the lawsuit on the basis

that Plaintiffs were barred by the res judicata doctrine from re-litigating issues already settled in

state court. Plaintiffs timely appealed.

## II.    ANALYSIS

### A. Res Judicata

We review *de novo* a district court's application of res judicata (also known as claim

preclusion). *Ohio ex rel. Boggs v. City of Cleveland*, 655 F.3d 516, 519 (6th Cir. 2011). As a

federal tribunal, we give prior state proceedings—here proceedings from Michigan—the same res

judicata effect they would have in the Michigan courts. *Anderson v. City of Blue Ash*, 798 F.3d

338, 350 (6th Cir. 2015) (citing *Boggs*, 655 F.3d at 519). We thus look to Michigan law to assess

"the preclusive effect" a Michigan court "would attach to that judgment." *Id.* To that end, res

judicata bars a second action when "(1) the prior action was decided on the merits, (2) both actions

involve the same parties or their privies, and (3) the matter in the second case was, or could have

been, resolved in the first." *Adair v. State*, 680 N.W.2d 386, 396 (Mich. 2004) (citation omitted). For preclusion purposes, both the underlying eviction and quiet title actions presented claims and issues like those raised here. We accordingly measure whether res judicata attached to either judgment, or both.

*The Eviction Action.* First up, for purposes of a res judicata analysis, is the underlying eviction action between the parties. After U.S. Bank foreclosed on Plaintiffs' home and purchased the home in the ensuing sheriff's sale, U.S. Bank initiated an eviction action in state court.

As to the first res judicata factor, we agree with the district court that the eviction action was "decided on the merits." The action concluded with a consent judgment, which, under Michigan res judicata principles, is an adjudication on the merits. *Ditmore v. Michalik*, 625 N.W.2d 462, 466 (Mich. Ct. App. 2001).

It makes no difference that Plaintiffs conceded (rather than litigated) U.S. Bank's title to and possession of the home. Instructive here are two Michigan cases, *LaVoy v. Alternative Loan Trust 2007-4CB*, No. 310322, 2014 WL 783497 (Mich. Ct. App. Feb. 25, 2014), and *Gayles v. Deutsche Bank National Trust Co.*, No. 292988, 2010 WL 4137508 (Mich. Ct. App. Oct. 21, 2010). In *LaVoy*, a defaulting plaintiff agreed in an eviction action to a consent judgment, through which she committed to vacating the property after a certain date. 2014 WL 783497, at *1. The plaintiff then filed a fraud action against the foreclosing party, asserting that the foreclosing party did not actually hold the mortgage because of defects in how that party acquired the mortgage. *Id.* at *3. But as the consent judgment was considered to be "on the merits," the plaintiff's second suit was barred by res judicata. *Id.* at *7 (citing *Ditmore*, 625 N.W.2d at 466).

In *Gayles*, a defaulting plaintiff, through a consent judgment, acknowledged that the foreclosing party had a right to possess the home, and thus agreed to move out. 2010 WL 4137508,

at *1. Later, the plaintiff filed suit alleging the same fraud theory asserted here: that the mortgage assignment to the foreclosing party post-dated the foreclosure proceedings. *Id.* That subsequent action, the court concluded, was barred by res judicata, as the consent judgment resolved the matter "on the merits." *Id.* at *3. As *LaVoy* and *Gayles* together reflect, the eviction action against Plaintiffs was resolved on the merits, even if the resolution was the result of a consent judgment.

The second res judicata element is also satisfied, as the parties in the eviction action are identical to those here.

With respect to the third res judicata factor, ordinarily we would ask whether the fraud claim was or could have been resolved in the eviction action. *See Sprague v. Buhagiar*, 539 N.W.2d 587, 588 (Mich. Ct. App. 1995). But that is not so where the prior action, like the eviction action here, was pursued in the form of a summary proceeding. For in that setting, there exists a limited statutory exception to the general res judicata rule; "[a] judgment for possession [pursuant to a summary proceeding] does not merge or bar any other claim for relief." *J.A.M. Corp v. AARO Disposal, Inc.*, 600 N.W.2d 617, 621 (Mich. 1999) (citing Mich. Comp. Laws § 600.5750). The Michigan courts have construed this provision as preventing res judicata from attaching to claims that could have been (but were not) raised in a summary proceeding. *Sewell v. Clean Cut Mgmt., Inc.*, 621 N.W.2d 222, 225 (Mich. 2001).

In other words, if the eviction action against Plaintiffs actually resolved their fraud claim, then, res judicata principles would apply here. *Id.* Which takes us back to *LaVoy*. Citing *Sewell*, *LaVoy* held that a consent judgment through which the plaintiff agreed to move out in lieu of being evicted immediately resolved and thus barred a claim in a subsequent action asserting that the foreclosure was predicated on fraud. 2014 WL 783497, at *7–8. In the subsequent action, the plaintiff asserted "that the sheriff's sale was invalid and [the] defendant has no legal right to

ownership and possession of the property." *Id.* at *7. But by conceding the "defendant's legal right to ownership and possession" in the consent judgment, the plaintiff had "acknowledged [the] defendant's right to possession and the validity of the sheriff's sale because a valid foreclosure procedure and sheriff's sale resulting in [the] defendant's possession of the property is a prerequisite to . . . an eviction order." *Id.* at *8. Accordingly, the "consent judgment was conclusive" as to the "defendant's right of possession," meaning that "res judicata bar[red] relitigation of the validity of the foreclosure proceedings and the sheriff's sale." *Id.*

And, for good measure, back to *Gayles* as well. Also citing *Sewell*, *Gayles* held that a consent judgment in which the plaintiff agreed that the foreclosing party had a right to possession, with an order of eviction to issue at a later date, resolved, for res judicata purposes, a subsequent suit claiming fraud in the foreclosure procedure. 2010 WL 4137508, at *4. By not raising the issue in the summary proceeding, and instead consenting to the defendant's entitlement "to possession of the property," the plaintiff "implicitly agreed that the foreclosure was valid," thereby resolving any purported fraud claim. *Id.*

As with the consent judgments in *LaVoy* and *Gayles*, Plaintiffs' consent judgment also resolved any claim that the foreclosure was premised on fraud. Plaintiffs agreed to a consent judgment that recognized U.S. Bank's right to title in and possession of the home. That argument is entirely at odds with their claim today that U.S. Bank's foreclosure was fraudulent because of defects in mortgage transfers. The *Gayles* plaintiff made virtually the same argument—that a post-foreclosure assignment of the mortgage to the foreclosing party showed that the foreclosing party had no authority to initiate the foreclosure. 2010 WL 4137508, at *1. Like in *Gayles* and *LaVoy*, Plaintiffs' concession in the eviction action resolves any later claim that U.S. Bank fraudulently claimed title and possession. Res judicata thus bars Plaintiffs' claims.

*The Quiet Title Action.* Even if the eviction action does not bar today's case, the subsequent quiet title action alternatively has preclusive effect. We again turn to the elements of res judicata.

Most contentious is the question whether the dismissal of the quiet title action was "on the merits." The state court dismissed the quiet title action because Plaintiffs did not redeem the home in the statutory six-month period following foreclosure, meaning they had no interest in the home. That rationale was also adopted by the state appellate court in affirming the trial court. 2015 WL 9257863, at *1.

Under Michigan law, an involuntary dismissal does not "operate[] as an adjudication on the merits" if the dismissal was for lack of jurisdiction. Mich. Ct. R. 2.504(B)(3). While the state court's opinion does not use the term "standing," Michigan cases, we note, have characterized this theory of dismissal as one of "standing." *See LaVoy*, 2014 WL 783497, at *4 (explaining that the trial court held that the plaintiff lacked standing because her interest was extinguished by the expiration of the redemption period). Plaintiffs characterize the dismissal of their quiet title action as a jurisdictional holding (and thus not "on the merits") because the dismissal was due to the absence of statutory standing as a result of their lack of interest in the property.

Digging deeper into the state court proceeding, however, it is clear the state court's opinion rejected (albeit in shorthand) theories that are substantially similar, if not identical, to the ones Plaintiffs raise here. Plaintiffs, all agree, failed to redeem their property during the statutory redemption period. Having failed to make that redemption, to set aside the foreclosure, Plaintiffs had to "make a clear showing of fraud or irregularity." *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir. 2013) (citing *Schulthies v. Barron*, 167 N.W.2d 784, 785 (Mich. Ct. App. 1969)). In holding that a valid foreclosure proceeding extinguished any interest Plaintiffs had in the home, the state court effectively rejected any suggestion that the foreclosure proceeding

7

was fraudulent. Put differently, in dismissing Plaintiffs' quiet title action, the state court had to have found, "on the merits," that Plaintiffs had not made a clear showing of fraud or irregularity— a claim they seek to reassert here.

Treating the state court's dismissal as a resolution on the merits is consistent with *Bank of New York Mellon v. Carmack*, No. 321840, 2015 WL 5568405 (Mich. Ct. App. Sept. 22, 2015). *Carmack* applied Michigan res judicata law to an earlier federal court decision. In the earlier proceeding, the district court held that the plaintiff failed to redeem the property within the relevant period and did not demonstrate the fraud or irregularity necessary to allow the plaintiff to maintain standing to challenge the foreclosure. *Id*. at *1–3. After losing his federal case, the plaintiff initiated a summary proceeding in state court. There, he alleged that the foreclosure was fraudulent because the wrong party acted as the foreclosing party. *Id.* at *2. But, the state court concluded, that matter was "already tested in the federal courts." *Id*. at *4 (internal quotations omitted). The federal court's dismissal of the plaintiff's challenge to the foreclosure was thus "on the merits" for res judicata purposes. We view the quiet title action here in the same light.

Next up is whether both actions involve the same parties or their privies. While the parties to the quiet title action are not identical to those here, those parties are in privity. Privity embraces "successive relationships to the same right of property," and requires "substantial identity of interests and a working or functional relationship . . . in which the interests of the non-party are presented and protected by the party in the litigation." *Phinisee v. Rogers*, 582 N.W.2d 852, 854 (Mich. Ct. App. 1998) (internal citations and quotations omitted). By the time of the quiet title action, U.S. Bank had sold the home to Robert Davis, so Plaintiffs filed suit against Davis, not the bank. But as the successor in interest to the home, Davis had every incentive to protect the bank's

interest in a valid chain of title (from which Davis derives his ownership). In that respect, Davis and U.S. Bank are in privity, satisfying the second res judicata requirement.

We thus turn to the last element of res judicata—whether the claim was resolved in the prior action. That analysis is straightforward. In the quiet title action, Plaintiffs made many of the same allegations they make here, including that the alleged assignment post-dated foreclosure, and that U.S. Bank allegedly backdated the original assignment. Resolution of the prior action thus resolves the claims before us today, either because they were raised and rejected, or because they arose from the same transaction, and thus could have been raised. *See Sprague,* 539 N.W.2d at 589 (citations omitted).

In sum, all three elements of res judicata are satisfied. The quiet title action bars this suit.

## B. Remaining Claims

Finally, we turn to a supposed dispute over whether the attorney appearing on behalf of U.S. Bank actually represents the party to this proceeding. Below, Plaintiffs claimed it was unclear whether Defendant's lawyer, David Dell, represents U.S. Bank in its role as the foreclosing entity, or in the bank's capacity as trustee for SURF 2006-BC1. During a hearing, the district court confirmed that Dell represented the named Defendant. Although Plaintiffs, in their own words, "appeared to be satisfied" with the colloquy, "upon further reflection" they now believe Dell was intentionally ambiguous as to the entity he represented.

Yet much of the "evidence" Plaintiffs identify to assert their contention—for example, that Dell acted evasively in a conference call and mediation session—has no support in the record below. Not in the district court filings, the transcripts, nor in the docket. *See* Fed. R. App. P. 10(a) (explaining that the appellate record consists of papers and exhibits filed in district court, the transcript of proceedings, and the docket). We will not consider additional purported facts for the

first time today. *United States v. Husein*, 478 F.3d 318, 335 (6th Cir. 2007) (A "party may not by-pass the fact-finding process of the lower court and introduce new facts in its brief on appeal.'") (quoting *Sovereign News Co. v. United States*, 690 F.2d 569, 571 (6th Cir. 1982)).

Only one of Plaintiffs' factual contentions has any bearing in the record: that Dell filed a Notice of Appearance representing U.S. Bank, N.A., as Trustee for SURF 2006-BC1, rather than U.S. Bank, N.A. The district court has broad discretion in managing the case and deciding the propriety of party representation in this matter. *See Am. Civil Liberties Union of Kentucky v. McCreary Cty., Ky.*, 607 F.3d 439, 451 (6th Cir. 2010) (noting the district court's broad discretion in managing cases on its docket (citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999))). It is not clear, as an initial matter, that U.S. Bank, as a foreclosing entity, and U.S. Bank in its role as trustee for SURF 2006-BC1, are separate entities. Consider the facts of *Gorbach v. US Bank National Association*, No. 308754, 2013 WL 331610 (Mich. Ct. App. Jan. 29, 2013). There, U.S. Bank, as a trustee to a mortgage-backed security trust, was sued in relation to a foreclosure. *Id.* at *1. The captioned party was U.S. Bank, without a trustee designation. Yet the court seemingly took no issue with treating U.S. Bank and U.S. Bank as trustee as the same entity. *See also US Bank Nat'l Ass'n v. Coulthard*, No. 323452, 2015 WL 8964358, *1 (Mich. Ct. App. Dec. 15, 2015) (proceeding to the merits of the case, without discussing the fact that the caption listed only U.S. Bank, when U.S. Bank was sued in its capacity as the trustee for the Washington Mutual Mortgage Pass–Through Certificate Series 2003–S4).

And in any event, the district court did not abuse its discretion in its effort to clarify any purported confusion. Dell explained to the district court that he was merely using the same naming convention as that used in the earlier foreclosure action. At bottom, what matters is whether the proper party, with proper counsel, was before the court. *See Koons v. Walker*, 257 N.W.2d 229,

231–32 (Mich. Ct. App. 1977) (holding that a defendant, in his capacity as the owner of a motorcycle shop, was properly made party to the suit, despite the complaint incorrectly naming the prior owner as the defendant). Here, the district court found Dell's representation that he was the proper counsel "sufficient." That is sufficient for us too.

### III.    CONCLUSION

For these reasons, we **AFFIRM** the judgment of the district court.