NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0310n.06

Case Nos. 21-3871/22-3147

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

FILED
Jul 29, 2022
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| ALLEN F. CAMPBELL, | ) | |
| Plaintiff-Appellant, | ) ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| EGIDIJUS MARCINKEVICIUS, | ) | OHIO |
| Defendant-Appellee. | ) | |
| | ) | OPINION |

Before: MOORE, GRIFFIN, and THAPAR, Circuit Judges.

PER CURIAM. This case involves a dispute over the distribution of trust assets. After his parents passed away, Allen Campbell was unhappy with the way their estates were distributed. So he sued their trusts and several of his relatives in Ohio court. The state probate court dismissed his claims, and he appealed.

While the appeal was pending, Campbell also sued Egidijus Marcinkevicius, the successor trustee of his mother's trust, in federal district court. But because the parallel state action was ongoing, the district court stayed its proceedings.

Once the state appellate court had resolved the case—affirming the probate court's dismissal—Campbell asked the district court to lift the stay and resume adjudicating his federal case. Marcinkevicius responded that the district court should lift the stay only to hold that res judicata barred Campbell's claims.

The district court agreed with Marcinkevicius. It lifted the stay and dismissed Campbell's federal claims, holding that the state-court decision precluded Campbell's federal suit. Campbell appeals, arguing that claim preclusion, i.e., res judicata, doesn't apply.

He's right. In assessing the preclusive effect of a state-court judgment, we look to state law. *See Ohio ex rel. Boggs v. City of Cleveland*, 655 F.3d 516, 519 (6th Cir. 2011). Under Ohio law, a state-court judgment is preclusive only if it's a "final judgment rendered upon the merits." *Grava v. Parkman Township*, 653 N.E.2d 226, 229 (Ohio 1995). And a decision isn't "on the merits" if it is without prejudice. *Goudlock v. Voorhies*, 894 N.E.2d 692, 694 (Ohio 2008). That's what we have here. The Ohio Court of Appeals affirmed the dismissal of Campbell's suit "without prejudice, for lack of standing." *Campbell v. Donald A. Campbell 2001 Trust*, No. 109585, 2021 WL 2012581, at *8 (Ohio Ct. App. May 20, 2021). So the state-court judgment isn't claim preclusive. *See Wright v. Ga. R.R. & Banking Co.*, 216 U.S. 420, 429 (1910) ("This court, as is well settled, accords to a judgment of a state only that effect given to it by the court of the state in which it was rendered.").

Though Marcinkevicius points out that "it is unclear why the appellate-court decision added a 'without prejudice' to its finding of lack of standing," Appellee Br. 20 (cleaned up), the reason is irrelevant. The state court spoke clearly—its decision is not preclusive under Ohio law. And to the extent Marcinkevicius believed the judgment was unclear, he should have asked the state court to correct it—not for us to ignore its plain language.

We reverse the district court's dismissal of Campbell's claims and remand for further proceedings.