# STATE OF MICHIGAN

# COURT OF APPEALS

TOWNSHIP OF BIG CREEK,

Plaintiff-Appellee,

v

SUE ELLEN BOYER,

Defendant-Appellant.

UNPUBLISHED
April 24, 2018

No. 337104
Oscoda Circuit Court
LC No. 16-005738-CE

Before: MURPHY, P.J., and JANSEN and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's order granting summary disposition in favor of plaintiff, Township of Big Creek (the township), under MCR 2.116(C)(10) in this case involving defendant's violation of township ordinances and state statutes. We affirm.

On August 4, 2016, the township filed a complaint against defendant regarding her real property, alleging that she was in violation of an ordinance prohibiting blight and one prohibiting dangerous structures, as well as statutory provisions against maintaining dangerous buildings. The township asserted that there was substantial debris in defendant's yard, along with junk vehicles, and that defendant's home was in a dilapidated and dangerous condition. The township further alleged that defendant was notified of the violations and given a reasonable time to bring her property into compliance with the ordinances and state statutes, but defendant had "failed, neglected, and/or refused to do so." The township claimed that defendant's property constituted a nuisance in fact and per se, and it requested that the court order defendant to remove the dangerous house or bring it into compliance with the law and to order defendant to clean up the blighted conditions. The township additionally requested, should defendant not bring her property into compliance with the ordinances and statutes, that the court authorize the township to demolish and remove the house and clear the blighted property, with defendant being assessed all of the associated costs.

Defendant did not file an answer to the complaint. The court file does contain a letter from defendant to the attorney who filed the complaint on behalf of the township. The letter accuses counsel of acting unlawfully in pursuing the action. On October 19, 2016, the defendant, acting *propria persona*, filed a document entitled, "IN RE MOTION TO DISMISS SUA SPONTE – TO BE BROUGHT ON WHEN PLAINTIFF [TOWNSHIP] DOES OTHER THAN DISMISS THE CHARGES." The motion is rambling and disjointed, and defendant

concludes the motion by requesting that the "suit be dismissed with prejudice and I don't think I should have to make a special trip to court to have it dismissed." The motion was never noticed for hearing.

On November 29, 2016, the township filed a motion for summary disposition under MCR 2.116(C)(10), arguing that there was no genuine issue of material fact that the property was in a blighted condition, that the house was dilapidated and dangerous, and that defendant had not denied the alleged violations set forth in the complaint. The township attached an affidavit from the township supervisor, who was also a zoning enforcement officer, and he averred that he had inspected defendant's property, that he notified defendant of the violations of the blight and dangerous-building ordinances, that defendant had not corrected the violations, apparently refusing to do so, and that the property remained in violation of the law. The affiant noted "broken out windows, structural issues[,] and missing siding" relative to the house. In her answer to the township's motion, defendant argued that the township had "no standing, no jurisdiction, and no sufficiency in their pleadings." Defendant further contended that there were issues of material fact, although she attached no supporting documentation to her response, that her property was not blighted and in a dangerous condition, and that the township was acting unlawfully.

At the hearing on the motion for summary disposition, defendant was disruptive, uncooperative, defiant, and disrespectful from the start. The trial court warned her that she would be held in contempt and jailed if she did not change her behavior, but the court never followed through with its well-deserved threats. After the township presented its argument, the trial court allowed defendant to advance her position, placing her under oath. The court denied defendant's request to provide the court with "an amicus brief" and letters from neighbors, as they had not been properly and timely submitted for consideration, and the court rejected defendant's contention that she should not be held to the same standards applicable to attorneys. Defendant then got into an argument with the court regarding the burden of proof on motions for summary disposition, before she objected "because the people against me are all being paid." At this point, the trial court cut her off, and made its ruling. The court ruled that because the township's motion for summary disposition was based on MCR 2.116(C)(10), defendant was required to submit documentary evidence to counter the motion and she had failed to attach or otherwise properly submit any documentary evidence. The court awarded the township the requested relief, including taxable costs. The hearing closed with defendant "object[ing] to anyone telling me what I can do with my private property[.]"

On appeal, defendant presents a brief that is comprised of: irrelevant matters; undeveloped arguments that are difficult to understand, unsupported by evidence and authorities, and are at times nonsensical; assertions of fact not found in the record; arguments that were not preserved below; and personal musings. Our Supreme Court in *Mudge v Macomb Co*, 458 Mich 87, 105; 580 NW2d 845 (1998), observed:

> "It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his

position. The appellant himself must first adequately prime the pump; only then does the appellate well begin to flow."

Ultimately, defendant fails to provide a valid argument addressing and challenging the sole basis of the trial court's decision to grant summary disposition in favor of the township. Defendant failed to present any documentary evidence in response to the township's motion brought under MCR 2.116(C)(10), as required by MCR 2.116(G)(4), so the trial court properly granted the township's motion. Defendant does argue that the affidavit of the township supervisor should not have been considered, as it was conclusory. "[M]ere conclusory allegations within an affidavit that are devoid of detail are insufficient to create a question of fact." *Hamade v Sunoco, Inc (R&M)*, 271 Mich App 145, 163; 721 NW2d 233 (2006). Although the supervisor's affidavit was short, it was sufficient for purposes of the township's motion under MCR 2.116(C)(10). The affidavit indicated that there was "debris scattered around the property," that there were "junk vehicles still located on the property," and that the house had "broken out windows, structural issues[,] and missing siding." The supervisor further averred that the property was in violation of the blight and dangerous-building ordinances, that defendant had been notified of the violations, and that defendant had not corrected the violations. Defendant was thus required to present documentary evidence to counter the township's summary disposition motion and failed to do so. MCR 2.116(G)(4).

Defendant attempts to present various constitutional arguments, including a vagueness challenge, but they are not adequately briefed and they were not specifically presented below and thus not addressed by the trial court. *Booth Newspapers, Inc v Univ of Mich Bd of Regents*, 444 Mich 211, 234 n 23; 507 NW2d 422 (1993) (we need not address issues that were not posed in the lower court); *Dresden v Detroit Macomb Hosp Corp*, 218 Mich App 292, 300; 553 NW2d 387 (1996) (insufficiently briefed issues are abandoned on appeal). Moreover, as best we can comprehend defendant's constitutional arguments, we find that they lack substantive merit; the ordinances are not unconstitutionally vague, defendant has not been unlawfully deprived of the reasonable use of her property, the ordinances are authorized by statute, and defendant was not otherwise deprived of her due process rights. On de novo review, *Hamade*, 271 Mich App at 153, we hold that the trial court did not err in granting summary disposition in favor of the township.[1]

Affirmed. We decline to award taxable costs under MCR 7.219.

/s/ William B. Murphy
/s/ Kathleen Jansen
/s/ Brock A. Swartzle

---

[1] We also point out that defendant never even filed an answer to the complaint as required by MCR 2.111(C).